Moody *v.* Moody.

---

## MOSES MOODY *vs.* SEWALL MOODY.

Where one has bound himself to another by bond to furnish him with support, but neglects to perform his duty in that respect; and the support is furnished by a third person at the request of the obligee; the law will imply no promise in favor of such third person to recover the value of such support against the obligor.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

*Assumpsit* for the board of one *William Jones*, with the usual money counts in the declaration. To maintain his action the plaintiff offered to prove, that on *March 29*, 1830, the defendant had given a bond to said *Jones*, stipulating therein to maintain him during life in a comfortable manner; that in the summer of 1833 *Jones* applied to the plaintiff to board him, that he did board him with the knowledge of the defendant; and that the defendant had neglected and refused to furnish *Jones* with such comfortable main-

tenance. And the plaintiff contended, that he was entitled to recover on such proof; but the Judge was of opinion that on this evidence, there was no privity of contract, and directed a non-suit; to which the plaintiff excepted.

The case was submitted without argument.

*Codman,* for the plaintiff.

*Megquier,* for the defendant.

The opinion of the Court was afterwards drawn up by

SHEPLEY J. — To maintain this action there must be a contract between the parties either express or implied. The evidence reported does not prove any express contract; and the only evidence from which one can be implied in law is, that the defendant was bound for the support of one *Jones;* that he neglected and refused to afford him such support; and that *Jones* applied to the plaintiff to board him, and the plaintiff did board him with the knowledge of the defendant.

The defendant's neglect to fulfil his contract with *Jones* did not authorize another person to assume the performance of it, and substitute himself as the creditor of the defendant. The law never implies a contract to substitute one creditor for another. The defendant has a right to say, " *non in haec foedera veni.*"

It may have been supposed, that there existed some analogy between this case, and that of a wife forced by the ill usage of the husband to leave his dwelling, and carrying with her a right to charge him with her support, by obtaining it from another person. There is no such analogy of legal rights. The case of the wife depends upon the peculiar relations of husband and wife. She is entitled by law to a support, and if unable to obtain it from the husband, she can maintain no suit against him to recover damages, or to obtain the means of compensating another for necessaries supplied. Considering that for many purposes husband and wife are to be regarded as one person, the law, under such circumstances, implies that her contracts are the contracts of the husband, for the purpose of affording her, in the only way in which it can be done, the necessaries of life at the charge of the person by law obliged to afford them.

There is no such relation, nor any such necessity in this case ; and the law will imply no such contract. The person entitled to support may, in his own name, enforce his rights, and obtain the means of fulfilling his own contracts with others. The exceptions are overruled and the nonsuit is confirmed.